J-S22043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE VILLOCH | : | |
| | : | |
| Appellant | : | No. 1256 MDA 2024 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001076-2000

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: AUGUST 18, 2025**

Appellant, Jose Villoch, appeals from the Order of August 2, 2024, entered in the Court of Common Pleas of Berks County denying as facially untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Herein, Appellant contends his patently untimely petition alleging ineffective assistance of trial counsel qualifies for the newly discovered fact exception to the PCRA time-bar.  After careful consideration, we affirm.

In 2001, Appellant was tried by a jury and found guilty of second and third-degree murder, robbery, aggravated assault, simple assault, and related offenses on evidence he fatally shot another man at close range during a drug deal.  **See** N.T., 5/31/05, at 55-88, 215-16.[1]  The trial court sentenced him

---

[*] Former Justice specially assigned to the Superior Court.
[1] The jury returned a verdict of not guilty on the charge of first-degree murder.

to life imprisonment plus 6 to 12 years' consecutive incarceration and denied counseled post-sentence motions, after which Appellant brought a timely, counseled direct appeal to this Court. On October 4, 2002, this Court filed a nonprecedential, unpublished memorandum decision affirming judgment of sentence. *See* C.R. at p.75 [2]

On October 28, 2003, Appellant timely filed, *pro se*, his first PCRA petition assailing trial counsel's stewardship for, *inter alia*, failure to call an alibi witness. The PCRA court appointed counsel, who, on February 17, 2004, filed a "No-Merit Letter" pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). The PCRA court granted appointed counsel's petition to withdraw and issued its notice to dismiss pursuant to Pa.R.Crim.P 907. On April 21, 2004, the PCRA court entered its order denying Appellant's motion to file a *pro se* amended petition and dismissing Appellant's first PCRA petition without a hearing.

Appellant filed a *pro se* appeal charging trial counsel with ineffective assistance and complaining also about the PCRA court's dismissal of his petition without allowing him to amend his petition and without conducting an evidentiary hearing. On November 30, 2004, we affirmed the PCRA court order. *Commonwealth v. Villoch*, 869 A.2d 16 (table) (Pa. Super. filed

---

[2] *Commonwealth v. Villoch*, 815 A.2d 1132 (unpublished memorandum) (Pa. Super. filed Oct. 4, 2002). In *Villoch*, a three-judge panel of this Court affirmed judgment of sentence after finding Appellant waived both appellate claims addressed to identification evidence offered against him at trial.

November 30, 2004). In 2005, Appellant was denied relief on his federal *habeas corpus* petition.

The present PCRA petition, Appellant's second, was filed on February 23, 2023. In this petition, Appellant presented what he claims is a newly-discovered fact of trial counsel's bout with alcoholism during his representation of Appellant and its effects on counsel's pretrial investigation, trial preparation, and trial performance that rendered his assistance ineffective and, thus, warrants vacation of judgment of sentence and the granting of a new trial. As developed more fully below, the PCRA court rejected the petition as meritless. This counseled appeal follows.

Appellant raises the following issue for this Court's consideration:

[Whether] trial counsel was intoxicated and therefore incompetent to represent petitioner who did not know that counsel was intoxicated and incapable of representing him at trial[?]

Brief for Appellant at 1.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa. Super. 2016). All PCRA petitions, including second or subsequent petitions, "shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of three statutory exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i-iii). "The General Assembly's determination that a PCRA petition must be filed within one year of when a petitioner's judgment of sentence becomes final is statutorily described as a jurisdictional limitation." ***Scott v. Pennsylvania Bd. of Prob. & Parole***, 284 A.3d 178, 187 (Pa. 2022). Our Supreme Court has held that this jurisdictional requirement implicates subject-matter jurisdiction, ***id.***, and the timeliness of a petition is "a threshold question implicating our

subject matter jurisdiction and ability to grant the requested relief." *Commonwealth v. Whitney*, 817 A.2d 473, 478 (Pa. 2003), *overruled on other grounds by Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020).

Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. *Reid*, 235 A.3d at 1143 (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)).

. . .

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 642 Pa. 717, 171 A.3d 675, 678 (2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented.[ ] 42 Pa.C.S.A. § 9545(b)(2) (effective Dec. 24, 2018). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without

- 4 -

jurisdiction to review the petition and provide relief. ***Spotz***, 171 A.3d at 676.

***Commonwealth v. Branthafer***, 315 A.3d 113, 123–24 (Pa. Super. 2024).

In Appellant's brief, he concedes that his petition was patently untimely but claims he avoided the statutory time-bar through the "newly discovered fact" exception set forth in Section 9545(b)(1)(ii). ***See*** 42 Pa.C.S. § 9545(b)(1)(ii), ***supra***, (providing an exception to the PCRA's one-year time bar when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Specifically, he submits that it was not until September 1, 2022, upon first acquiring a copy of the Disciplinary Board of Pennsylvania's October 26, 2016, "Report and Recommendation" granting trial counsel's petition for reinstatement to the bar nearly eleven years after counsel's September 26, 2005, disbarment on consent,[3] that he learned trial counsel had been struggling with alcoholism during the time of his 2001 criminal trial. Within the "Report and Recommendation" are findings of fact that trial counsel's problems with alcohol began in the 1990s and progressively worsened during 2000 such that, according to trial counsel's admission therein, by January 2001 "drinking was the most important thing in his life." Report and Recommendation, Findings of Fact at ¶ 12.

_____

[3] The Pennsylvania Supreme Court entered the order of disbarment by consent for misconduct that gave rise to trial counsel's guilty plea to theft by unlawful taking, theft by deception, and misapplication of entrusted property, based on evidence that from 2001 to 2002 he converted client funds totaling $37,881.41. ***See*** Report and Recommendation, Findings of Fact at ¶ 16.

The PCRA court, however, concluded Appellant could not establish that he acted with due diligence in raising the newly-discovered fact claim because the very nature of the claim involves alleged deficiencies with trial counsel's performance and/or ability to perform that would have been evident in court and, thus, instantly discernable by Appellant, who was present in court. In reaching this conclusion, the PCRA court relied on **Commonwealth v. Robinson**, 185 A.3d 1055 (Pa. Super. 2018) (*en banc*).

In **Robinson**, the PCRA petitioner brought a patently untimely ninth petition in 2015 containing numerous newly-discovered fact allegations of cocaine use by his plea counsel at and around the time petitioner had pleaded guilty in 1983. Our Court *en banc* considered how to undertake a due diligence inquiry as part of its PCRA gatekeeping role with respect to the ineffective assistance of plea counsel claim seeking to link plea counsel's drug use to the validity of petitioner's guilty plea. We reasoned that determining whether petitioner acted with due diligence in disclosing the newly-discovered facts would require "[r]ecognizing the nature of the underlying claim—as distinguished from assessing its merits[:]"

> [W]hile [**Commonwealth v.**] **Bennett**[, 930 A.2d 1264 (Pa. 2007),] and its progeny instruct courts to avoid analyzing the merits of the underlying claim, we believe that principle cannot go so far as to altogether preclude the courts from considering the claim the petitioner seeks to raise in determining whether an evidentiary hearing is warranted. As an extreme example, suppose an incarcerated PCRA petitioner asserted in an untimely petition that he recently discovered that the Houston Astros won the 2017 World Series. It would defy reason to suggest that a PCRA court must hold an evidentiary hearing to carefully apply the

newly-discovered fact inquiry before considering how that fact could possibly matter. [**Commonwealth v.**] **Cox**, [146 A.3d 221 (Pa. 2016),] stated that "[t]he function of a section 9545(b)(1)(ii) analysis is that of a gatekeeper." **Id.** at 229 n.11. A gatekeeping function contemplates that there may be a reason to open the gate.

. . .

[Robinson] alleged that trial counsel had a substance abuse issue in the early 1980s and **that counsel's addiction caused [Robinson] to enter an invalid plea**." [Robinson]'s brief at 4 (emphasis added). Recognizing the nature of the underlying claim—as distinguished from assessing its merits—is necessary to determine whether [Robinson] acted with due diligence in unearthing the newly-discovered facts.

**Id.** at 1061–62 (emphasis in original).

Our Court *en banc* affirmed the PCRA court's order denying on due diligence grounds petitioner Robinson's request for collateral relief. We explained that Robinson was "challeng[ing] counsel's mental state on the day of [his] plea" and accordingly was required to "uncover ... the 'facts upon which [his] underlying claim is predicated[.]'" **Id.** (quoting **Commonwealth v. Chmiel**, 173 A.3d 617, 625 (Pa. 2017)). In this regard, we adopted as our own the Commonwealth's observation that, "Any deficiency in plea counsel's representation . . . must necessarily have existed (if it existed at all) at the time of the plea." **Id**. We continued:

Thus, the connection between counsel's intoxication on the day of [Robinson's] plea, the newly-discovered fact he relies on to confer jurisdiction, and any substantive claim [Robinson] would ultimately seek to raise within that petition is that counsel's mental state was so deteriorated that his advice was constitutionally deficient. That claim is captured by the following test:

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999). Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002).

> Recognizing that Appellant's claim challenges counsel's mental state on the day of Appellant's plea, we find that Appellant failed to act with due diligence in uncovering the "facts upon which [his] underlying claim is predicated[.]" *Chmiel*, *supra* at 625. As the Commonwealth observes, "Any deficiency in plea counsel's representation … must necessarily have existed (if it existed at all) at the time of the plea." Commonwealth's brief at 14. We agree.

*Commonwealth v. Robinson*, 2018 PA Super 109, 185 A.3d 1055, 1063 (2018).

Just as *Robinson* considered the objective standards of a guilty plea in assessing the nature of the petitioner's claim and how it thus bore on the court's gatekeeping due diligence inquiry, we review the nature of Appellant's claim in light of the reasonableness and prejudice standards applicable to an ineffective assistance of trial counsel claim and ask how Appellant could have been diligent in bringing a newly discovered fact claim based on counsel's

alcoholism-related mental deficiencies during trial if such deficiencies manifested, as Appellant claims they did, as failures to advocate reasonably in open court.

Appellant's argument thus suffers from the same problem that undermined the petitioner's argument in **Robinson**, as he, too, attempts to invoke counsel's alcohol abuse at the time of trial as a newly-discovered fact despite the inescapable conclusion that the alleged consequential mental deficiency and unreasonable advocacy that followed would have been displayed at trial in his presence. For this reason, as explained in **Robinson**, we find Appellant has not satisfied his due diligence requirement of bringing the newly-discovered fact exception to the PCRA's timeliness provisions applicable at the time of his trial.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/18/2025